UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN PALMER, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | NO. C17-5249-JPD <br><br><br><br> ORDER |

Plaintiff Karen Palmer appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 57-year-old woman with a high school diploma and vocational training in medical terminology. Administrative Record ("AR") at 289. Her past work experience includes employment as a church secretary, medical records clerk, and receptionist. *Id.* Plaintiff was last gainfully employed in September 2011. *Id.*

In April 2013, Plaintiff filed an application for DIB, alleging an onset date of

ORDER - 1

September 2, 2011.[1]  AR at 268-71.  Plaintiff asserts that she is disabled due to lymphedema, anxiety, and depression.  AR at 288.

The Commissioner denied Plaintiff's application initially and on reconsideration.  AR at 168-74, 177-81.  Plaintiff requested a hearing, which took place on January 14, 2015; April 6, 2015; and August 10, 2015.  AR at 45-117.  On September 18, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that she could perform her past work as a receptionist, as well as other specific jobs existing in significant numbers in the national economy.  AR at 20-33.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On April 3, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 11.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

---

[1] Plaintiff amended her alleged onset date to October 1, 2012.  AR at 61.

ORDER - 2

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Palmer bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

## V. DECISION BELOW

On September 18, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since October 1, 2012, the amended alleged onset date.

3. The claimant's right arm lymphedema, Morton's neuroma, and insomnia are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), that does not require lifting or carrying of more than 10 pounds occasionally with the right (dominant) upper extremity; that does not require standing or walking more than 30 minutes at a time or two hours in an eight-hour workday; that does not require performing repetitive motions for more than two minutes at a time with the right hand; that does not require consistent pushing or pulling with the right arm; that does not require more than occasional overhead reaching with the right upper extremity; that does not require more than occasional crawling or climbing of ladders, ropes, or scaffolds; that does not require more than frequent climbing of ramps or stairs; that does not require exposure to hazards such as open machinery or unprotected heights; and that does not require concentrated exposure to extreme heat.

6. The claimant is capable of performing past relevant work as a receptionist, as well as other representative occupations, including furniture rental consultant, information clerk, and cashier II.

7. The claimant has not been under a disability, as defined in the Act, from October 1, 2012, through the date of the decision.

AR at 22-33.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting Plaintiff's subjective statements;

2. Whether the ALJ erred in discounting Plaintiff's husband's testimony; and

ORDER - 5

3. Whether the ALJ erred at step four in finding her capable of performing her past work as a receptionist, in light of the RFC restrictions, and whether the ALJ should have applied the Medical-Vocational Guidelines to find her disabled at step five.

Dkt. 18 at 1.

## VII. DISCUSSION

A. <u>The ALJ did not harmfully err in discounting Plaintiff's subjective statements.</u>

The ALJ discounted Plaintiff's subjective statements for a number of reasons: (1) the evidence showed that her lymphedema required less treatment and imposed less restrictions than she alleged; (2) her Morton's neuroma had not prevented work in the past and she did not seek out any treatment for it; (3) her insomnia and mental impairments improved with medication and with abstention from alcohol; and (4) her daily activities demonstrate that she can perform many functions and activities. AR at 26-28. Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit.

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[3] *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

2. *Lymphedema*

Plaintiff described a process by which her right arm lymphedema must be massaged and wrapped every six months or yearly in order to reduce in size (AR at 68-69, 479), but admitted at the hearing that she had not undergone this procedure in about four years. AR at 70. During some of that time, she had not had insurance, but even since she obtained insurance, she had not obtained treatment for her arm. AR at 70-71.

---

[3] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016 and not applicable to the September 2015 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

Lack of treatment for a purportedly disabling condition is a clear and convincing reasons to discount a claimant's subjective testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Plaintiff argues that the ALJ erred in discounting her statements due to lack of treatment, because the treatment available did not actually restore functionality. Dkt. 18 at 8. Plaintiff also argues that the ALJ erred in overlooking the impact of her lack of insurance. Dkt. 18 at 9.

As evidence that her treatment would not restore functionality, Plaintiff cites the opinion of an examining physician, Ron Nielsen, M.D., but Dr. Nielsen did not so opine. Dkt. 18 at 9 (citing AR at 482). Dr. Nielsen indicated that treatment would not "resolve the situation[,]" but did not address the impact of the treatment on functionality. AR at 482. Moreover, Dr. Nielsen indicated that Plaintiff retained the ability to carry 10 pounds occasionally with the right arm, and had no restrictions as to reaching, handling, fingering, or feeling, other than a prohibition on repetitive motions with the right arm. AR at 482-83. Dr. Nielsen's opinion does not describe a total loss of functionality due to the lymphedema, even though it had been three years since treatment. The ALJ gave great weight to Dr. Nielsen's opinion, which supports the ALJ's interpretation of Plaintiff's subjective testimony. *See* AR at 28.

Also, contrary to Plaintiff's briefing, the ALJ did expressly acknowledge Plaintiff's testimony that her lack of insurance prevented her from obtaining treatment for her lymphedema. AR at 27. The ALJ also noted, however, that even after Plaintiff did get insurance, she still did not seek treatment. *Id*.

Plaintiff has not shown that the ALJ erred in assessing the reliability of her statements regarding her lymphedema and its limiting effects.

//

3. *Morton's neuroma*

Plaintiff does not challenge the ALJ's findings regarding her Morton's neuroma. *See* AR at 27. This reasoning supports the ALJ's determination regarding Plaintiff's subjective testimony.

4. *Insomnia and mental health impairments*

The ALJ cited Plaintiff's improvement as to insomnia and mental health impairments with medication as a reason to discount her allegations (AR at 27), and Plaintiff contends that the impact of this evidence on the reliability of her testimony is not clear. Dkt. 18 at 9. The ALJ's finding connects to Plaintiff's allegations that her mental health impairments are disabling. *See, e.g.*, AR at 288 (listing anxiety and depression as disabling conditions). To the extent that Plaintiff's depression improved with medication (AR at 539), the ALJ did not err in finding that this evidence undermined an allegation that the depression is disabling. *See, e.g.*, *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

5. *Activities*

The Court agrees with Plaintiff that the ALJ's list of activities does not explain why those activities either contradict her testimony or demonstrate transferable work skills. *See* AR at 27. Accordingly, the ALJ improperly relied on activities as a reason to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

This error is harmless, however, in light of the ALJ's other valid reasons to discount Plaintiff's subjective testimony, one of which is unchallenged. *See Carmickle v. Comm'r of*

ORDER - 9

*Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

B.  <u>The ALJ did not harmfully err in discounting Plaintiff's husband's testimony.</u>

Plaintiff's husband, Mike Palmer, testified at the April 2015 hearing. AR at 88-94. The ALJ summarized Mr. Palmer's testimony and explained that he afforded only "some weight" to the testimony because

> he is a non-medical source and his testimony did not contain very detailed observations or limitations of the claimant's abilities. Additionally, by virtue of his relationship as a relative of the claimant, his statements cannot be considered the observations of a disinterested third party witness whose opinion would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges.

AR at 30.

If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The Commissioner concedes that some of the ALJ's reasons for discounting Mr. Palmer's testimony are not sufficiently germane. Dkt. 19 at 6-7. Specifically, the Commissioner concedes that the ALJ erred in discounting Mr. Palmer's testimony because he is a laywitness and related to Plaintiff. *Id*.

But, as noted by the Commissioner, the ALJ also found that Mr. Palmer did not describe very detailed observations of Plaintiff's limitations or abilities. *See* AR at 30. Indeed, Mr. Palmer testified that he was gone most of the day and did not witness Plaintiff's activities or limitations (AR at 89), was not aware of how often Plaintiff wore a sleeve for her lymphedema (AR at 92), and could not specify the quantity of alcohol Plaintiff consumed or whether she was consuming more or less than in the past (AR at 92-94). This lack of specificity renders Mr. Palmer's testimony less probative to the ALJ's assessment of Plaintiff's

ORDER - 10

impairments and limitations, and serves as a germane reason to discount Mr. Palmer's testimony. Thus, the ALJ's erroneous reasoning is harmless. *See Carmickle*, 533 F.3d at 1162-63.

C. <u>The ALJ did not err at step four.</u>

Plaintiff has alleged that the ALJ erred at step four in finding that she could perform her past work as a receptionist, because Plaintiff contends that the ALJ's RFC assessment conflicts with the receptionist position as defined in the Dictionary of Occupational Titles ("DOT"). Specifically, the ALJ's RFC assessment limits Plaintiff to performing work that, *inter alia*, "does not require performing repetitive motions for more than two minutes at a time with the right hand; that does not require consistent pushing or pulling with the right arm; that does not require more than occasional overhead reaching with the right upper extremity[.]" AR at 25. Plaintiff argues that this finding is inconsistent with the DOT definition of receptionist, which requires reaching and handling on a frequent basis, meaning that the activities are performed for up to between one-third and two-thirds of a workday. *See* DOT 237.367-038, 1991 WL 67192. Plaintiff also posits that the receptionist job duties mentioned in the DOT could be performed repetitively.

The VE testified via interrogatory that Plaintiff's RFC would permit her to perform the job of receptionist as generally performed, because although "[t]here is some operation of office equipment such as typing on a keyboard . . . this is typically performed in short spurts rather than repetitively." AR at 359. She also indicated that the remainder of the RFC restrictions were consistent with the DOT definition of receptionist. *Id*. The VE went on to note that "repetitive motion" (as mentioned in the RFC assessment) is not a term used in the DOT, but that she provided her opinion "with regard to the presence of repetitive tasks based on my professional experience performing job analyses and labor market surveys for these

ORDER - 11

occupations." AR at 360. Plaintiff argues that the ALJ erred in relying on this vocational testimony at step four, because the VE's explanation of why the receptionist job is consistent with the RFC assessment is insufficiently supported.

   1.   *Legal standards*

The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Pursuant to SSR 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). As stated by the Ninth Circuit Court of Appeals: "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435-36 (VE testified specifically about the characteristics of local jobs and found their characteristics to be sedentary, despite DOT classification as light work). *See also Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("We merely hold that in order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation.") "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony." *Light*, 119 F.3d at 794 (internal citations omitted).

   2.   *Repetitive motions*

The VE noted that the DOT does not use the term "repetitive motions," and thus she drew on her professional experience when determining whether the receptionist job required the repetitive motions precluded in the ALJ's RFC assessment. AR at 360. Plaintiff has not persuasively explained why the ALJ was not permitted to rely on this testimony. Although she

ORDER - 12

contends that the VE's testimony is not supported by any evidence (Dkt. 18 at 5), the VE's testimony is itself evidence. *See Bayliss*, 427 F.3d at 1218 ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."); *Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628-29 (9th Cir. Sept. 20, 2011) ("The [VE] noted that although the DOT does not discuss a sit-stand option, his determination was based on his own labor market surveys, experience, and research. Therefore, the conflict between the DOT and the [VE] was addressed and explained by the [VE], and the ALJ addressed this in the decision.").

3. *Reaching*

The ALJ's RFC assessment limits Plaintiff to occasional overhead reaching with her right arm, and the DOT defines the receptionist position to require frequent reaching. Nonetheless, the VE testified that Plaintiff's RFC assessment was consistent with the DOT definition of the receptionist position.

Plaintiff argues that they are not consistent, presumably because a job requiring frequent reaching cannot be performed by a person limited to occasional overhead reaching with her right arm. *See* Dkt. 18 at 5. But there is no apparent inconsistency, because the DOT does not specifically require that reaching occurs frequently *overhead*, and it is not obvious or foreseeable that a receptionist's work would involve frequent overhead reaching. *See Gutierrez v. Colvin*, 844 F.3d 804, 808-09 (9th Cir. 2016). Plaintiff suggests that a receptionist's work in collecting and distributing mail could involve overhead reaching (Dkt. 20 at 4), but even if it did, this task would not necessarily be performed for more than two-thirds of a workday, and thus would not necessarily conflict with the ALJ's restriction to overhead reaching on an occasional basis.

Plaintiff has not shown that the ALJ erred in relying on the VE's testimony regarding

ORDER - 13

the consistency between the RFC assessment and the DOT definition of the receptionist job. Therefore, the step-four findings are affirmed and the Court need not examine the alternative step-five findings.

## VIII. CONCLUSION

The role of this Court is limited. As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas,* 278 F.3d at 954. While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible to conclude that Plaintiff's interpretation is the only rational interpretation.

Accordingly, the Court AFFIRMS the Commissioner's decision.

DATED this 2nd day of November, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge